IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER FROST,

                                                                  ORDER

             Plaintiff,

                                                 09-cv-394-slc

    v.

WARDEN WILLIAM J. POLLARD,
LIEUTENANT SWIETAWSKI and
SARAH COOPER,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered in favor of defendants and this case was closed on August 3, 2009. On August 24, 2009, plaintiff filed a notice of appeal, which was dismissed by the Court of Appeals for the Seventh Circuit on December 31, 2009. Now plaintiff has filed a letter asking the court to issue an order directing prison officials to pay the remaining balance of the filing fees in this case from his release account. The request will be denied.

      Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the in forma pauperis statute must pay the $350 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income, in accordance with 28 U.S.C. § 1915(b)(2). On April 15, 2009, this court entered an order assessing plaintiff an initial partial filing fee for this case and advised him that he was required to pay the $350 filing fee in monthly installments according to the requirements of the Prison Litigation Reform Act. When the

court of appeals dismissed plaintiff's appeal, it too directed the appellate filing fee be collected pursuant to 28 U.S.C. § 1915(b)(2). Newlin v. Helman, 123 F.3d 429,433 (7th Cir. 1997).

Although it is good to know that plaintiff takes his obligation to pay the remainder of the filing fees seriously, I cannot order the state to allocate plaintiff's release account funds in the manner he requests. The language of 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available, Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), but it is within the state's discretion to decide whether, and to what extent, a prisoner should be able to withdraw money from his release account for any other purpose. Because the state has not authorized plaintiff to use his release account funds to pay the remaining balance of the $350 filing fee in this court or the remaining balance of the $455 appeal fee, I must deny his motion.

ORDER

IT IS ORDERED that plaintiff Christopher Allen Frost's request for an order directing prison officials to pay the remainder of his filing fee and legal expenses from his release account, dkt. #21, is DENIED.

Entered this 20th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge